**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 15-cv-2819-KMT

SUNGMI PETERSON,
an individual,

      Plaintiff,
v.

HAR MART CORP.,
a Colorado corporation, d/b/a H Mart, d/b/a Han Ah Reum

      Defendant.

---

**ANSWER TO COMPLAINT AND JURY DEMAND**

---

By way of Answer to the Complaint, Defendant HAR Mart Corp. ("H Mart" or the "Defendant"), states as follows.

**PARTIES**

1. Denied due to lack of knowledge or information.

2. Admitted.

3. Admitted.

4. Defendant denies the allegations contained in Paragraph 4 of the Complaint except to admit that Plaintiff worked in H Mart's Customer Service Department from January 2008 to April 8, 2015.

**JURISDICTION AND VENUE**

5. Defendant neither admits nor denies the allegations contained in Paragraph 5 of the Complaint because they state a legal conclusion to which no response is required.

{00707263.1}

6. Defendant neither admits nor denies the allegations contained in Paragraph 6 of the Complaint because they state a legal conclusion to which no response is required.

7. Defendant admits that Plaintiff makes certain allegations and that she purports to assert claims under the Fair Labor Standards Act. Defendant neither admits nor denies the remaining allegations contained in Paragraph 7 of the Complaint because they state a legal conclusion to which no response is required.

8. Defendant admits that it had employees engaged in interstate commerce and that it has annual gross volume of sales made of more than $500,000. Defendant neither admits nor denies the remaining allegations contained in Paragraph 8 of the Complaint because they state a legal conclusion to which no response is required.

9. Defendant neither admits nor denies the allegations contained in Paragraph 9 of the Complaint because they state a legal conclusion to which no response is required.

## GENERAL ALLEGATIONS

10. Defendant denies the allegations contained in Paragraph 10 of the Complaint except to admit that Plaintiff worked in H Mart's Customer Service Department from January 2008 to April 8, 2015.

11. Admitted.

12. Defendant denies the allegations contained in Paragraph 12 of the Complaint except to admit that H Mart assigned Plaintiff to work in its Customer Service Department.

13. Denied.

14. Denied.

15. Denied.

16. Denied as stated.

17. Denied.

18. Defendant denies the allegations contained in Paragraph 18 of the Complaint except to admit that Plaintiff worked at H Mart's customer service counter and assisted customers in various ways.

19. Admitted.

20. Denied as stated.

21. Admitted.

22. Admitted.

23. Defendant admits that Plaintiff resigned her employment with H Mart effective April 8, 2015.

## CLAIM FOR RELIEF

24. Defendant repeats its responses to the allegations contained in Paragraphs 1 through 23 of the Complaint as if set forth herein.

25. Defendant neither admits nor denies the allegations contained in Paragraph 25 of the Complaint because they state a legal conclusion to which no response is required.

26. Denied.

27. Denied as stated.

28. Denied as stated.

29. Defendant neither admits nor denies the allegations contained in Paragraph 29 of the Complaint because they state a legal conclusion to which no response is required.

30. Defendant neither admits nor denies the allegations contained in Paragraph 30 of the Complaint because they state a legal conclusion to which no response is required.

31. Denied.

32. Denied.

## PRAYER FOR RELIEF

Defendant denies any allegations contained in Plaintiff's Prayer for Relief.

## SEPARATE DEFENSES

Defendant hereby sets forth the following separate defenses. By listing any matter as separate defense, Defendant does not assume the burden of proving any matter upon which Plaintiff bears the burden of proof.

## FIRST SEPARATE DEFENSE

The Complaint fails to state a claim upon which relief may be granted.

## SECOND SEPARATE DEFENSE

Plaintiff's claims, in whole or in part, may be barred by applicable statutes of limitations, and/or by the doctrine of laches, waiver, estoppel, and unclean hands.

## THIRD SEPARATE DEFENSE

Plaintiff's claims are barred by applicable exemptions to federal and state overtime laws.

## FOURTH SEPARATE DEFENSE

The classification of Plaintiff's position and any other actions by Defendant were done in good faith.

**FIFTH SEPARATE DEFENSE**

Any alleged violation by Defendant was not willful and did not show a reckless disregard as to whether its conduct was prohibited by applicable federal and state laws and regulations.

**SIXTH SEPARATE DEFENSE**

Defendant did not suffer or permit Plaintiff to work in violation of the Fair Labor Standards Act or Colorado Wage Law (C.R.S. § 8-4-101, *et seq.*, Colorado Minimum Wage Order No. 31, and 7 C.C.R. § 1103-1, and Plaintiff is not entitled to overtime for hours that she claims to have worked that were not suffered and permitted by Defendant.

**SEVENTH SEPARATE DEFENSE**

Plaintiff's claims are barred in whole or in part by any exclusions, exceptions, credits, or offsets permissible under federal or state law, including a set-off for any compensation or funds paid to her to which she was not entitled, or paid for any hours addressed by her claims.

**EIGHTH SEPARATE DEFENSE**

Any time spent by Plaintiff in any preliminary or post-liminary activities is excluded from compensable hours of work.

**NINTH SEPARATE DEFENSE**

Defendant denies every allegation, whether expressed or implied, that it has not unequivocally and specifically admitted in the Answer.

**WHEREFORE,** Defendant prays that Plaintiff's Complaint be dismissed, that judgment be entered in favor of Defendant and against Plaintiff, and that Defendant be awarded costs, expert witness fees, attorneys' fees and such other and further relief as this Court may deem just and proper.

DEFENDANT REQUESTS A TRIAL BY JURY AS TO ALL ISSUES SO TRIABLE.

Respectfully submitted this 26th day of February, 2016.

DUFFORD & BROWN, P.C.

*s/ Lawrence D. Stone*
Lawrence D. Stone, #8803
Christian D. Hammond, #34271
1700 Broadway, Suite 2100
Denver, CO  80290-2101
Telephone:  (303) 861-8013
E-mail:  lstone@duffordbrown.com
           chammond@duffordbrown.com

and

PASHMAN STEIN, P.C.

*s/ J. John Kim*
J. John Kim
James W. Boyan, III
Court Plaza South
21 Main Street, Suite 200
Hackensack, NJ 07601
Telephone:  (201) 488-8200
E-mail: jkim@pashmanstein.com
           jboyan@pashmanstein.com

ATTORNEYS FOR DEFENDANT HAR MART CORPORATION

## CERTIFICATE OF SERVICE

I hereby certify that on this 26th day of February, 2016, I served the foregoing **ANSWER TO COMPLAINT AND JURY DEMAND** via the method indicated below, to the following:

| | | |
|---|---|---|
| Leah P. VanLandschoot | ( ) | via U.S. Mail |
| Amy M. Maestas | ( ) | via Hand Delivery |
| The Litigation Boutique, LLC | ( ) | via Facsimile |
| 1720 S. Bellaire Street, Suite 805 | ( ) | via Overnight Mail |
| Denver, CO 80222 | ( ) | via E-mail |
| *Attorneys for Plaintiff* | ( x ) | via CM/ECF |

*s/ Carol A. Larsen Cook*
Carol A. Larsen Cook

{00707263.1}