**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 15-cv-02819-REB-KMT

**SUNGMI PETERSON,** an individual,

    Plaintiff,

v.

**HAR MART CORP.**, a Colorado corporation, d/b/a H Mart, d/b/a Han Ah Reum,

    Defendant.

**FIRST AMENDED COMPLAINT AND JURY DEMAND**

Plaintiff Sungmi Peterson ("**Plaintiff**"), through her undersigned counsel, submits this First Amended Complaint and Jury Demand against Har Mart Corp., d/b/a H Mart, d/b/a Han Ah Reum ("**H Mart**" or the "**Company**").

**PARTIES**

1. Plaintiff is an individual who resides at 1819 Granby Court, Aurora, Colorado 80011.

2. H Mart is a Colorado corporation, with its principal place of business located at 2751 S. Parker Road, Aurora, Colorado 80014.

3. H Mart is a supermarket featuring domestic products and products imported from South Korea and other foreign nations.

4. H Mart employed Plaintiff as the Customer Service Manager during the relevant time period.

EXHIBIT 1

## JURISDICTION AND VENUE

5. This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1331, 29 U.S.C. § 216(b), and Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000(e), *et seq.* ("**Title VII**").

6. This Court also has jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

7. This is an action authorized in part by, and instituted under, the Fair Labor Standards Act, as amended, 29 U.S.C. §§ 201, *et seq.* (the "**FLSA**"). Upon information and belief, H Mart is an employer within the meaning of 29 U.S.C. § 203(d), as it acts in relation to its employees, including at one time, Plaintiff.

8. Upon information and belief, at all times relevant to this matter, H Mart: (1) has employees engaged in interstate commerce and employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and (2) has an annual gross volume of sales made or business done of more than $500,000.00, and therefore, was and is an enterprise engaged in interstate commerce or in the production of goods for commerce as defined by 29 U.S.C. § 203(s)(1).

9. This is also an action authorized in part by 42 U.S.C. § 2000e, *et seq.*, also known as Title VII of the Civil Rights Act of 1964, as amended. Defendant is an "employer" engaged in an industry affecting commerce as defined by 42 U.S.C. §2000e(b).

10. Venue is proper in the District of Colorado pursuant to 28 U.S.C. § 1391(b) because the unlawful employment practices alleged herein were committed while Plaintiff lived

and worked in the judicial district of the United States District Court for the District of Colorado, where, during the relevant time period, H Mart operated and continues to operate its business.

## JURISDICTIONAL PREREQUISITE

11. Plaintiff timely filed a Charge of Discrimination with the Colorado Civil Rights Division and the Equal Employment Opportunity Commission. Plaintiff requested and received her Notice of Right to Sue, dated April 20, 2016. Thus, Plaintiff has fulfilled all conditions precedent to instituting this lawsuit, as necessary, and has otherwise exhausted her administrative remedies.

## GENERAL ALLEGATIONS

### *Employer and Employee Information*

12. Plaintiff was at all times relevant to this Complaint employed by H Mart either as Customer Service Manager or as a sales associate.

13. In or about January 2008, H Mart hired Plaintiff as a sales associate.

14. Within weeks, Plaintiff was promoted to Customer Service Manager.

15. Plaintiff was scheduled to work each week from Monday through Saturday, 8:55 a.m. to 7 p.m.

16. During the entire time Plaintiff was employed by H Mart, she regularly worked more than forty (40) hours per week.

17. Throughout her employment, Plaintiff performed her duties in a satisfactory or above average manner.

18. Prior to October 2014, H Mart failed to properly report Plaintiff's actual hours worked, and intentionally disregarded her overtime hours and pay.

EXHIBIT 1

19. Plaintiff did not receive overtime pay for hours worked over 40 per week from the beginning of her employment until October 2014.

20. In October 2014, H Mart adjusted Plaintiff's salary to a lower hourly wage and began marking hours as overtime at this lower wage to keep Plaintiff's gross pay at a similar amount.

### *Plaintiff's Duties and Responsibilities Following Her Promotion to Customer Service Manager*

21. As Customer Service Manager, Plaintiff's duties included working at the Customer Service counter in the H Mart store, assisting customers with questions, returns and exchanges, and other similar duties.

22. Plaintiff also assisted H Mart's commercial customers with orders, including taking the orders, ensuring that the orders were filled, and invoicing the customer.

23. Plaintiff was required to seek management approval for any return or exchange of items that cost $10.00 or more.

24. Plaintiff had no direct reports.

25. Plaintiff had no power to hire or fire other employees.

### *H Mart Ignored Regular Misconduct of its Male Employees and Provided Benefits to Male Employees it Denied to Plaintiff*

26. Plaintiff is not aware of any employee handbook or other written policies in use during her employment at H Mart.

27. Plaintiff was aware that H Mart owned a private residence near the store where H Mart allowed male employees to live rent-free, including utilities and Wi-Fi.

28. Upon information and belief, the address of the residence is 11565 E. Cornell Circle, Aurora, Colorado 80014.

29. Plaintiff became aware that the basement of the residence was empty and, along with a female coworker, questioned H Mart's General Manager about living at the residence in order to save money on rent and utilities.

30. The General Manager informed Plaintiff and her coworker that only men could live in the Company-provided residences.

31. Upon information and belief, male employees were allowed to live in the Company-owned home for several years: one lived there for seven years and another for five years.  Also upon information and belief, during that time, the male employees paid nothing for room or board.

32. Throughout her employment at H Mart, Plaintiff endured regular inappropriate touches and inappropriate comments of a sexual nature from her male coworkers.

33. In early 2015, Jose Santiago Orellana Zelaya ("Mr. Santiago"), a male coworker, approached Plaintiff and stroked her hair.  She told him to stop and reported the incident to H Mart's General Manager.

34. Plaintiff was aware that two female coworkers had also made complaints of sexual harassment to H Mart's General Manager and was aware that those complaints yielded neither an investigation nor discipline for the male employees involved.

35. On or about March 20, 2015, Plaintiff was in the breakroom at H Mart using the microwave.

36. Mr. Santiago again approached Plaintiff, this time under the guise of using the microwave and, with his arm, rubbed across Plaintiff's breasts.

37. Plaintiff immediately reported this conduct to the General Manager.

38. Plaintiff was extremely upset about the incident, and requested to leave work early that day.

39. Plaintiff then contacted police and reported the physical assault.

40. From approximately March 25, 2015, to March 29, 2015, Plaintiff was on a previously-scheduled vacation.

41. Upon Plaintiff's return to work on March 30, 2015, Plaintiff noticed a new banner hanging on the wall outside her workspace. The banner included a large photograph of the coworker who had inappropriately touched her, announcing his election as H Mart's "Employee of the Month" for the Grocery Department.

42. Plaintiff construed this award as H Mart's support of the harasser and endorsement of his behavior.

43. Plaintiff, traumatized from her harasser's actions, believed H Mart was forcing her to quit because H Mart knew of the harassment she reported and did nothing to assist her. Upon information and belief, there was no discipline for her harasser, and he in fact was publicly praised as "Employee of the Month" after Plaintiff's reports of harassment.

44. As a result, Plaintiff told H Mart's General Manager she could no longer work for H Mart, fearing additional assaults and/or sexual harassment.

45. On her last day of work, Plaintiff was forced to sign termination paperwork by H Mart's office manager.

**FIRST CLAIM FOR RELIEF**
**Willful Failure to Pay Overtime Wages in Violation of**
**29 U.S.C. § 207, Colo. Rev. Stat. § 8-4-101, *et seq.*,**
**Colo. Minimum Wage Order No. 31, and 7 C.C.R. § 1103-1**

46. Plaintiff incorporates each of the allegations set forth above, as if fully set forth herein.

47. At all times relevant hereto, H Mart was and is subject to 29 U.S.C § 201, *et seq.* and Colo. Rev. Stat. § 8-4-101, *et seq.*, Colo. Minimum Wage Order No. 31, and 7 C.C.R. § 1103-1 ("**Colorado Wage Laws**").

48. Plaintiff regularly worked more than 40 hours in a given workweek.

49. H Mart failed to pay Plaintiff overtime wages at the rate of one-and-a-half times her regular rate of pay for each hour over 40 in a workweek.

50. Upon information and belief, H Mart has been sued for failure to pay overtime wages previously.

51. By failing to pay overtime wages at the rate of one-and-a-half times Plaintiff's regular rate of pay after previously being sued, H Mart acted knowingly and willfully and/or showed a reckless disregard as to whether its conduct was prohibited by the FLSA and Colorado Wage Laws.

52. Neither Plaintiff's duties, nor her rate of pay made Plaintiff exempt from overtime under the FLSA or Colorado Wage Laws.

53. Upon information and belief, H Mart, in violation of the FLSA and Colorado Wage Laws, failed to accurately record all hours worked by Plaintiff.

54. As a result of Defendant's willful violations of the FLSA and Colorado Wage Laws, Plaintiff has been deprived of overtime compensation in an amount to be determined at

trial, and is entitled to recovery of such amount plus statutory, exemplary, liquidated, and/or punitive damages.

## SECOND CLAIM FOR RELIEF
### Disparate Pay in Violation of 29 U.S.C. § 206(d)(1) (the "Equal Pay Act")

55. Plaintiff incorporates each of the allegations set forth above, as if fully set forth herein.

56. During the course of Plaintiff's employment with Defendant, Defendant, by and through its agents and employees, discriminated against Plaintiff in the terms, conditions, and privileges of employment, because of her gender, in violation of the Equal Pay Act.

57. Plaintiff is a member of a protected group based on her gender; she is female.

58. Defendant treated Plaintiff less favorably than her male coworkers in pay and other benefits by providing free room and board only to male employees.

59. This disparity in the benefits of employment that were provided to males and not females by Defendant, constitutes an intentional violation of the Equal Pay Act.

60. Each pay period for which Plaintiff's male coworkers received wages and monetary benefits Plaintiff did not receive, was another violation of the Equal Pay Act.

61. Defendant's actions were motivated by malice and reckless disregard for Ms. Peterson's rights under the law.

62. Because of Defendant's actions, Plaintiff has suffered both economic and non-economic damages, emotional distress, and other compensable damages.

63. As a further direct and proximate result of Defendant's unlawful behavior, Plaintiff has been compelled to retain the services of counsel in an effort to assert her rights and

has, thereby, incurred, and will continue to incur, legal fees and costs, the full nature and extent of which are presently unknown to Plaintiff.

### THIRD CLAIM FOR RELIEF
### Hostile Work Environment in Violation of Title VII, as Amended, and Colo. Rev. Stat. § 24-31-301 *et. seq*.

64. Plaintiff incorporates each of the allegations set forth above, as if fully set forth herein.

65. Plaintiff was subjected to unwelcome and offensive harassment and discriminatory conduct based on her gender during her employment with Defendant.

66. This harassment and discriminatory conduct was sufficiently severe and pervasive so as to unreasonably interfere with Plaintiff's health, well-being, and work performance, creating a hostile and offensive working environment.

67. Other female employees complained to Defendant about harassing and discriminatory conduct they had suffered, yet upon information and belief, no corrective action was taken.

68. Due to Defendant's failure to stop the sexual harassment of which it was aware, Plaintiff was forced to leave her employment, constituting constructive discharge.

69. Defendant was put on notice of Mr. Santiago's harassing behavior prior to his physical assault on Plaintiff, yet Defendant failed to take any action to protect Plaintiff from her harasser.

70. As a direct and proximate cause of the harassing and discriminatory environment of H Mart, Plaintiff suffered both economic and non-economic damages, emotional distress, and other compensable damages.

71. As a further direct and proximate result of Defendant's unlawful behavior, Plaintiff has been compelled to retain the services of counsel in an effort to assert her rights and has, thereby, incurred, and will continue to incur, legal fees and costs, the full nature and extent of which are presently unknown to Plaintiff.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for entry of judgment in her favor and against H Mart as follows:

A. An award of Plaintiff's unpaid overtime wages and an equal amount in liquidated damages pursuant to federal and state laws;

B. Statutory penalties as applicable;

C. Compensatory damages, including without limitation, back pay, front pay, damages for loss of reputation, loss of opportunity for professional growth, loss of opportunity for promotion, additional financial incidental and consequential damages;

D. Non-economic damages for emotional distress, pain and suffering, inconvenience, mental anguish, loss of reputation, and other non-pecuniary losses;

E. Reasonable attorneys' fees and costs as provided by statute or applicable law;

F. Pre- and post-judgment interest; and

G. Such other and further relief as the Court deems just and proper.

**PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL CLAIMS SO TRIABLE.**

Dated: May 10th, 2016

By:   /s/ *Leah P. VanLandschoot*
Leah P. VanLandschoot, #35723
Amy M. Maestas, #46925
THE LITIGATION BOUTIQUE LLC
1720 S. Bellaire Street, Suite 805
Denver, Colorado 80222
T: 303.355.1942
F: 303.355.2199
lvanlandschoot@thelitbot.com
amaestas@thelitbot.com
**ATTORNEYS FOR PLAINTIFF**
**SUNGMI PETERSON**

**Plaintiff's Address:**
1819 Granby Court
Aurora, Colorado 80011